UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

------------------------------------------------------------X
PRIME MARINA EAST GREENWICH
HOLDINGS, LLC d/b/a PRIME MARINA EAST
GREENWICH

                                   Plaintiff,

C.A. No.: 1:21-cv-_____

      -against-

JUST ANOTHER ADVENTURE, a 1983 36-
foot Sea Ray motor yacht (Official # 669093),
its engines, generators, electronics, tackle,
tender, contents, bunkers, appurtenances, etc.,
in rem,

                                 Defendants.
------------------------------------------------------------X

## VERIFIED COMPLAINT

        Plaintiff PRIME MARINA EAST GREENWICH HOLDINGS, LLC d/b/a PRIME MARINA EAST GREENWICH, by and through its undersigned counsel, hereby files this Verified Complaint against JUST ANOTHER ADVENTURE, a 1983 36-foot Sea Ray motor yacht (Official # 669093), its engines, generators, electronics, tackle, tender, contents, bunkers, appurtenances, etc., in rem, (collectively "Vessel") alleging in support thereof as follows:

## INTRODUCTION

1. A person representing themselves to be the owner of an older, fiberglass recreational powerboat delivered the vessel to the Plaintiff's marina with the understanding it would be docked and stored at the marina in exchange for payment of the Plaintiff's usual rates. Thereafter and despite demand, the vessel has remained at the marina without anyone paying any monies for its storage. This lawsuit is a lawsuit of last resort.



Image # 1 depicting vessel at Plaintiff's marina

2. Among other things, this lawsuit seeks to foreclose a maritime lien in accordance with Rule C of the Supplemental Rules for certain admiralty and maritime claims and the Rules of the United States District Court for the District of Rhode Island.

## JURISDICTION & VENUE

3. This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333 and 46 U.S.C. § 31301 *et seq.*, and is an

admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. The Court has federal question jurisdiction over the federal statutory maritime foreclosure claim against the Defendant Vessel pursuant to Title 46 U.S.C. § 31342(a) of the Commercial Instruments and Maritime Liens Act.

5. To the extent this Court is required to make a declaratory judgment concerning the priority of competing maritime and non-maritime liens, the Court has subject matter jurisdiction to do so under Title 28 U.S.C. §§ 2201 and 2202; Title 46 U.S.C. § 31301 *et. seq.*; and Title 28 U.S.C. § 1333.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) - (3) as well as under the special venue considerations applicable to admiralty actions because the Vessel is located in Kent County, Rhode Island; the services, utilities and storage were provided (and are continuing to be provided) to the Defendant Vessel in Kent County, Rhode Island and most of the witnesses are located within the Court's jurisdiction.

## PARTIES

7. Plaintiff PRIME MARINA EAST GREENWICH HOLDINGS, LLC d/b/a PRIME MARINA EAST GREENWICH (hereinafter "Prime Marina") is a business entity organized and existing under the laws of the State of Rhode Island with its principal place of business located in Miami-Dade County, Florida.

8. At all times material hereto, Prime Marina was registered to do business in the State of Rhode Island.

9. Prime Marina operates a vessel repair, storage and marina facility in East Greenwich, Kent County, Rhode Island.

10. <u>In</u> <u>rem</u> Defendant JUST ANOTHER ADVENTURE is an approximately 36-foot motor yacht of fiberglass construction manufactured by Sea Ray Boats, Inc. in Florida in 1983 (hereinafter "Vessel").

11. The Vessel is currently located and will be located, during the pendency of process herein, within the District of Rhode Island and within the jurisdiction of the Court.

## FACTS COMMON TO ALL ALLEGATIONS

12. In or around November 2018, the Vessel was transported to Prime Marina's East Greenwich, Rhode Island facility.

13. Prime Marina provided services to the Vessel consisting of moorage, dockage and utilities (hereinafter collectively referred to as "Services") all at its facility in East Greenwich, Rhode Island on the orders of the Vessel's owner and/or beneficial owner and/or persons authorized by the owner and/or by persons presumed to have authority to procure necessaries under 46 U.S.C. § 31341.

14. As near as can now be calculated, there is an outstanding balance due Prime Marina in the amount of $12,813.20 (with additional amounts accruing), which is a lien against the vessel.

15. Prime Marina demanded payment for the Services it provided, but no payment has been forthcoming.

16. The Services Prime Marina provided (and continues to provide) to the Vessel are "necessaries" as that term is defined by 46 U.S.C. § 31301, *et seq.* and as that term is understood by the General Maritime Law.

17. If a valid preferred ship mortgage exists against the Vessel, then Prime Marina alleges the mortgage is subordinate to Prime Marina's maritime lien by reason of, among other reasons, equity.

18. Prime Marina is entitled to recover the full amount of its maritime necessaries lien ($12,813.20 *plus any accrued amounts*) before subordinate liens, if any. *See* Invoices attached as Exhibit "A".

19. Prime Marina is entitled to credit bid up to the full amount of its in rem judgment at a Court ordered Marshal's sale of the Vessel.

20. If a third-party purchases the Vessel at the Court ordered Marshal's sale, Prime Marina is entitled to recover the full amount of its judgment from the Vessel's sale proceeds before lower ranking liens are paid.

21. The continued storage of the Vessel at Prime Marina's facility prevents Prime Marina from storing other vessel(s) in the space utilized by the Vessel causing it to lose revenue.

22. All prerequisites to the maintenance of this action have been waived, performed or complied with.

## COUNT ONE

(Foreclosure of a Maritime Lien for Necessaries – In Rem Defendant Vessel)

23. Plaintiff adopts and realleges the allegations in all of the above paragraphs and further states:

24.     Prime Marina provided Services to the Vessel with, upon information and belief, the full knowledge and consent of the Vessel's owner and/or beneficial owner and/or persons authorized by the owner and/or by persons presumed to have authority which Services benefit the Vessel.

25.     Although demanded, charges in the amount of approximately $12,813.20 have not been paid and additional charges continue to accrue and Prime Marina reserves its right to add to this amount any charges incurred up through the time of judgment.

26.     The Services Prime Marina provided and continues to provide to the Vessel constitute a maritime lien for necessaries under the General Maritime Law, 46 U.S.C. § 31341, *et seq.,* and give rise to a maritime lien in Prime Marina's favor.

27.     Prime Marina hereby seeks foreclosure of its maritime lien against the Vessel and seeks reasonable court costs as well as attorneys' fees and interest (to the extent permitted by law), and any and all other costs relating to this foreclosure action as allowed for pursuant to the General Maritime Law.

    WHEREFORE, Plaintiff prays:

    (a)     That process in due form of law, according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the Vessel in rem, and that all persons claiming any right, title, or interest then be cited to appear and answer under oath the all and singular matters aforesaid;

    (b)     That all persons or entities having or claiming an interest therein be required to appear and answer the aforesaid matters;

(c) That Plaintiff be decreed to have a lien upon the Vessel, <u>in</u> <u>rem</u> and that such lien be foreclosed in accordance with the law and thereupon that the Vessel be condemned and sold in payment of the amount due and all such other sums as owed, and that Plaintiff be permitted to credit bid the amount of its liens at the Vessel's sale;

(d) That this Court further award Plaintiff the total amount due as alleged herein, with interest and costs, and that Plaintiff be permitted to recover the same from the Vessel, <u>in</u> <u>rem</u>, along with all of its attorneys' fees, costs and interest (as allowed by applicable law); and

(e) That the Court provide such other, further or different relief as it deems just and equitable under the circumstances.

// Signature Page Follows //

Dated: March 3, 2021
       Newport, Rhode Island

                                 Respectfully submitted,

                                 Prime Marina East Greenwich Holdings, LLC d/b/a PRIME MARINA EAST GREENWICH

                                 By its attorneys,

                                 Fulweiler llc

                                 /s/ John K. Fulweiler
                                 _____
                                 John K. Fulweiler, Esq.
                                 W.B. Franklin Bakery Building
                                 40 Mary Street
                                 Newport, RI 02840
                                 Telephone: 401-667-0977
                                 E-mail: john@saltwaterlaw.com
                                 www.saltwaterlaw.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Joseph Fortin, declare under penalty of perjury that the foregoing is true and correct:

1. I am the Property Manager of Prime Marina East Greenwich Holdings, LLC d/b/a Prime Marina East Greenwich, the Plaintiff herein.

2. I have read the foregoing Verified Complaint and know the contents of the same to be true to the best of my knowledge upon information and belief.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the Verified Complaint are reports made to me by employees, documents maintained in our office, and my own, personal knowledge.

4. I am authorized to make these representations on behalf of Prime Marina East Greenwich Holdings, LLC d/b/a Prime Marina East Greenwich, the Plaintiff herein.

I declare under penalty of perjury that the foregoing is true and correct.

Prime Marina East Greenwich Holdings, LLC d/b/a
Prime Marina East Greenwich

By: _____
Joseph Fortin